THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| William F. Emlich, Jr., D.O., et al., | : | Case No. 2:2014-cv-01697 |
| Plaintiff(s) | : | District Judge: James L. Graham |
| | : | Magistrate Judge: Norah McCann King |
| vs. | : | |
| | : | RULE 26(f) REPORT OF PARTIES |
| OhioHealth Corporation, et al., | : | (to be filed no fewer than seven (7) |
| Defendant(s) | : | days prior to the Rule 16 Conference) |

1.    Pursuant to F.R. Civ.P. 26(f), a meeting was held on June 5, 2015 and was attended by:

David A. Zika_____, counsel for plaintiff(s) William F. Emlich, Jr., D.O., et al.____

Jeremy R. Morris_____, counsel for defendant(s) OhioHealth Corporation, et al._____

2.    **Consent to Magistrate Judge.** The parties:

_____ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

__X__ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

3.    **Initial Disclosures.** The parties:

_____ have exchanged the initial disclosures required by Rule 26(a)(1);

__X__ will exchange such disclosures within 30 days following the Court's decision on the Defendants' Motion for Summary Judgment regarding HCQIA immunity and consistent with any parameters the Court may place on such discovery at that time.

_____ are exempt from such disclosures under Rule 26(a)(1)(E).

_____ have agreed not to make initial disclosures.

4.    **Jurisdiction and Venue**

a.    Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

None at this time._____

_____

_____

8456605v2

b. Describe the discovery, if any, that will be necessary to the resolution of issues related to jurisdiction and venue:

<u>N/A</u>

c. Recommended date for filing motions addressing jurisdiction and/or venue:

<u>No such issues are known at this time, but the parties will attempt to file any such motions within 30 days following identification of any issue related to jurisdiction and/or venue.</u>

5. **Amendments to Pleading and/or Joinder of Parties**

a. Recommended date for filing motion/stipulation to amend the pleadings or to add additional parties:

<u>Within 60 days following the Court's decision on the Defendants' Motion for Summary Judgment regarding HCQIA immunity.</u>

b. If class action, recommended date for filing motion to certify the class: <u>N/A</u>

6. **Recommended Discovery Plan**

a. Describe the **subjects** on which discovery is to be sought and the nature and extent of discovery that each party will need:

<u>Should discovery proceed in this matter following the Court's decision on the Defendants' Motion for Summary Judgment regarding HCQIA immunity, Defendants anticipate seeking discovery regarding the factual allegations raised in the Plaintiffs' complaint, the legal defenses in the Defendants' answer, and the Plaintiffs' claims for damages.</u>
<u>Plaintiffs anticipate seeking discovery related to the allegations contained in the Plaintiffs' complaint, specifically Plaintiffs will also seek discovery of matters that are not already contained in the administrative record such as any potential distinctions between employed physicians and non-employed physicians.</u>

b. What **changes** should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?

<u>Pursuant to the Court's Opinion and Order dated April 15, 2015, discovery is currently limited to the four HCQIA immunity factors found in 42 U.S.C. § 11112(a). Additionally, following the Court's decision on the Defendants' Motion for Summary</u>

Judgment regarding HCQIA immunity, Defendants' may potentially seek to further limit discovery to those issues that are relevant to the remaining claims, if any.

Plaintiffs believe it might be beneficial to expand written discovery for purposes of determining the appropriate parties to this action.

c.　　The case presents the following issues relating to disclosure or discovery of **electronically stored information**, including the form or forms in which it should be produced:

Defendants do not anticipate any potential issues at this time.

Plaintiffs anticipate that it is possible Dr. Emlich's pager capabilities during the relevant time period may be at issue and might potentially involve electronically stored information.

d.　　The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials**:

This case will present issues related to Ohio's peer review privilege as codified in Ohio Revised Code §§ 2305.25 *et seq*.  This case may also present issues related to the confidentiality of medical records of non-parties.  This case may also present issues related to Plaintiffs' assertion that counsel for Defendants may be a witness in this matter.

i.　　Have the parties agreed on a procedure to assert such claims **AFTER** production?

　X　　No

＿＿＿＿　Yes

＿＿＿＿　Yes, and the parties ask that the Court include their agreement in an Order.

e.　　Identify the discovery, if any, that can be **deferred** pending settlement discussion and/or resolution of potentially dispositive motions:

Pursuant to the Court's Opinion and Order dated April 15, 2015, discovery not related to the four HCQIA immunity factors found in 42 U.S.C. § 11112(a) is being deferred until after the Court's decision regarding Defendants' Motion for Summary Judgment regarding HCQIA Immunity.  Any other discovery the parties identify as being appropriate to be deferred following the Court's decision regarding Defendants' Motion for Summary Judgment regarding HCQIA immunity may be presented to the Court at that time.

f.    The parties recommend that discovery should proceed in **phases**, as follows:

Please see 6(e), above.

g.    Describe the areas in which **expert testimony** is expected and indicate whether each expert will be specially retained within the meaning of F.R.Civ.P.26(a)(2):

Should expert discovery be necessary following the Court's decision on the Defendants' Motion for Summary Judgment regarding HCQIA immunity, Plaintiffs anticipate potentially seeking expert discovery regarding clinical quality of medical care, accounting, and appropriate peer review procedures.

Defendants would anticipate seeking expert discovery on any expert issues raised by Plaintiffs.

i.    Recommended date for making **primary expert designations**:

Should expert discovery be necessary following the Court's decision on the Defendants' Motion for Summary Judgment regarding HCQIA immunity, within 120 days of the Court's Order.

ii.    Recommended date for making **rebuttal expert designations**:

Should expert discovery be necessary, within 120 days of the Plaintiffs' primary expert designation.

h.    Recommended discovery **completion date**:

Subject to the Court's Order regarding Defendants' Motion for Summary Judgment regarding HCQIA immunity, the parties anticipate needing one year following the Court's Order should further discovery be necessary.

7.    **Dispositive Motion(s)**

a.    Recommended date for filing dispositive motions:

Defendants intend to file a Motion for Summary Judgment regarding HCQIA Immunity imminently. However, should the case proceed beyond the Court's decision regarding such motion, dispositive motions regarding the remaining issues should be filed within 90 days following the completion of discovery.

8.    **Settlement Discussions**

   a.     Has a settlement demand been made?  No____    A response?  N/A___

   b.     Date by which a settlement demand can be made:

       Dependent upon the Court's decision regarding Defendants' Motion for Summary Judgment regarding HCQIA immunity._____

   c.     Date by which a response can be made:

       Within 60 days of receipt of settlement demand._____

9.    **Settlement Week Referral**

The earliest Settlement Week referral reasonably likely to be productive is the

_____    March 20___ Settlement Week

_____    June 20___ Settlement Week

_____    September 20___ Settlement Week

 X_____    December 2015 Settlement Week

10.   **Other matters for the attention of the Court:**

      None known at this time._____

      _____

      _____

      _____



**Signatures:**

Attorney(s) for Plaintiff(s):              Attorney(s) for Defendant(s):


/s/ David Zika (per email approval)_____   /s/James J. Hughes_____

Ohio Bar# 0085732_____   Ohio Bar# 0036754_____

Trial Attorney for Plaintiffs_____   Trial Attorney for Defendants_____