IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William F. Emlich, Jr., D.O., et al.,

    Plaintiffs,

v.

OhioHealth Corp., et al.,

    Defendants.

Case No. 2:14-cv-1697

Judge Graham

Opinion and Order

Plaintiff Dr. William F. Emlich, Jr. brought this action concerning the termination of his clinical and medical staff appointment privileges at hospitals operated by OhioHealth Corporation. On December 22, 2016, the Court issued an opinion and order granting defendants' motion for summary judgment on the issue of whether defendants are immune from damages pursuant to the Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11101, *et seq*.

The complaint asserts a claim under the False Claims Act, 31 U.S.C. § 3730, alleging that defendants conspired to terminate his privileges after he attempted to alert authorities of fraudulent billing practices allegedly occurring at OhioHealth. The court's December 22, 2016 opinion contained an order for Dr. Emlich to show cause why his False Claims Act claim should not be dismissed for failing to comply with the procedural requirements for filing such a claim and for failing to plead the allegedly fraudulent practices with particularity under Federal Rule of Civil Procedure 9(b). See 31 U.S.C. § 3730(b) (requiring, among other things, that the claim be brought in the name of the United States Government, that a copy of the complaint and disclosure of all material evidence be served on the Government and that the complaint be filed *in camera*).

Plaintiff's only filing since the show cause order has been a motion to alter or amend the judgment under Rule 59(e). Plaintiff's motion does not address the show cause order. Because plaintiff wholly failed to comply with the procedural requirements of § 3730(b) and failed to allege fraud with particularity, the court dismisses plaintiff's claim under the False Claims Act.

In his motion to alter or amend, plaintiff seeks reconsideration of the court's determination that defendants are immune from damages pursuant to the HCQIA. The circumstances under which a court may grant a Rule 59(e) motion are limited. "A district court may grant a Rule 59(e)

1

motion . . . only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006) (internal quotation marks omitted).

While plaintiff does not attempt to categorize under which of the four grounds for reconsideration his motion falls, plaintiff has submitted an affidavit from Dr. Emlich, with exhibits attached. However, the affidavit, which was executed on January 27, 2017, contains statements about events that took place prior to the filing of this lawsuit, and the exhibits (many of which are documents either written or received by Dr. Emlich) were previously available to plaintiff. Thus, the affidavit and exhibits are not newly discovered evidence.

The content of the affidavit, like the motion itself, revisits issues and arguments that the court addressed in its December 22, 2016 opinion. This attempt to re-litigate the issues is not the proper basis for a Rule 59(e) motion. See Gore v. AT & T Corp., No. 2:09-CV-854, 2010 WL 3655994, at *1 (S.D. Ohio Sept. 14, 2010) ("Motions for reconsideration should not be used as a substitute for appeal nor should they be used as a vehicle for mere disagreement with a district court's opinion.").

Nonetheless, the court will briefly address the point that receives particular emphasis from plaintiff. Plaintiff argues strenuously that individuals at OhioHealth disliked him for challenging their policies and practices and that he was targeted for retribution. Despite having held this belief for over a decade and despite having had ample opportunity to engage in discovery – both in this litigation and during the professional review proceedings – plaintiff's affidavit admits that his assertions on this point remain "suspicions." (Aff. of Dr. Emlich, p. 2). In contrast, defendants have submitted overwhelming evidence establishing that they had a reasonable basis to believe that their professional review action regarding the quality of care provided by Dr. Emlich was warranted and in furtherance of quality health care.

Accordingly, plaintiff's motion to alter or amend the judgment (doc. 32) is DENIED.

                                                      s/ James L. Graham
                                                      JAMES L. GRAHAM
                                                     United States District Judge

DATE: June 13, 2017